| | |
|---|---|
| 1  HELANE L. MORRISON (Cal. Bar No. 127752)<br>   JOHN S. YUN (Cal Bar No. 112260)<br>2     yunj@sec.gov<br>   ROBERT S. LEACH (Cal. Bar No. 196191)<br>3     leachr@sec.gov<br>   XAVIER CARLOS VASQUEZ (Cal. Bar No. 194644)<br>4     vasquezc@sec.gov<br>   Attorneys for Plaintiff<br>5  SECURITIES AND EXCHANGE COMMISSION<br>   44 Montgomery Street, Suite 2600<br>6  San Francisco, California 94104<br>   Telephone: (415) 705-2500<br>7  Facsimile: (415) 705-2501 | FILED<br>2007 APR 30 PM 3:38<br>U.S. BANKRUPTCY COURT<br>NORTHERN DIST. OF CA.<br>OAKLAND, CA. |

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| 12         Movant, | |
| 13    v. | SECURITIES AND EXCHANGE COMMISSION'S MOTION TO WITHDRAW THE REFERENCE OF THE BANKRUPTCY CASES OF EDWARD SEWON EHEE, COMPASS FUND MANAGEMENT, LLC AND COMPASS WEST FUND, L.P.; MEMORANDUM OF POINTS AND AUTHORITIES |
| 14  EDWARD SEWON EHEE, COMPASS FUND MANAGEMENT, LLC, and COMPASS WEST FUND LP, | |
| 15 | |
| 16       Debtors | |
| 17 | 28 U.S.C. § 157(d)<br>Local Rule 5011-2 |
| 18 | Hearing Date: TBD |
| 19 | |
| 20  In re | Case No. 07-40126T |
| 21  EDWARD SEWON EHEE, | (Involuntary Chapter 7) |
| 22      Debtor | |
| 23 | |
| 24  In re | Case No. 07-40129 |
| 25  COMPASS FUND MANAGEMENT, LLC, | (Involuntary Chapter 7) |
| 26      Debtor | |

27  I hereby certify that the foregoing/annexed
    instru_____ the
28  origin___                    ____.

    Date:



    MAY 0 4 2007

    By: _____
        Deputy Clerk

                                    1                    SEC MEMORANDUM IN SUPPORT OF
                                                         MOTION TO WITHDRAW REFERENCE

| In re | Case No. 07-40130 |
|---|---|
| COMPASS WEST FUND, L.P., | (Involuntary Chapter 7) |
| Debtor | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**MOTION**

The Securities and Exchange Commission ("Commission") hereby requests that the district court withdraw the reference of the three above-captioned bankruptcy cases on the grounds that (1) consideration of the issues in these cases will require consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce, already being considering by the Honorable Susan Illston in *SEC v. Viper Capital Management, LLC, et al.*, Case No. C 06-6966 SI (N.D. Cal. (San Francisco Division)), as to which the Commission has filed concurrently herewith a Notice of Pendency of Other Action or Proceeding; and (2) for cause, including issues of judicial economy, as more particularly set forth in the accompanying memorandum of points and authorities.

Wherefore, the Commission hereby requests that the reference to the bankruptcy court of *In the Matter of Edward Sewon Ehee*, Case No. 07-40126T (N.D. Cal.), *In the Matter of Compass Fund Management, LLC*, Case No. 07-40129 (N.D. Cal.), and *In the Matter of Compass West Fund, L.P.*, Case No. 07-40130 (N.D. Cal.) be withdrawn, and that these matters be assigned to the Honorable Susan Illston.

Dated: April 30, 2007                             Respectfully submitted,

---
Helane L Morrison
John S. Yun
Robert S. Leach
Xavier Carlos Vasquez
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

# INTRODUCTION

The Securities and Exchange Commission ("Commission") submits this memorandum in support of its motion to withdraw the reference of the bankruptcy cases filed for Edward Sewon Ehee ("Ehee"), Compass Fund Management, LLC ("Compass Management"), and Compass West Fund LP ("Compass West") (collectively, the "Ehee Defendants") and assign those actions to the Honorable Judge Susan Illston. Two related matters involving these parties are currently before Judge Illston now. On November 8, 2006, the Commission filed an action against Ehee, Compass Management and Compass West (as a relief defendant), among others, alleging violations of the federal securities laws. *SEC v. Viper Capital Management, LLC, et al.*, Case No. C 06-6966 SI (N.D. Cal.) (the "SEC Action"). At that time, Judge Illston granted the Commission's motion for a temporary restraining order, enjoined the Ehee Defendants from further securities law violations, and froze their assets. On November 22, 2006, one of Ehee's investors, AAG Roosevelt Fund, L.P. ("AAG") filed a complaint against Ehee and his management companies alleging violations of the federal securities laws and other state law claims. *AAG Roosevelt Fund, L.P. v. Edward Sewon Ehee, et al.*, Case No. C-06-7270 SI (N.D. Cal.) (the "AAG Action"). Both actions are now before Judge Illston.

Over two months after the SEC filed its action, AAG filed involuntary Chapter 7 bankruptcy petitions against each of the three Ehee Defendants. *In the Matter of Edward Sewon Ehee*, Case No. 07-40126T (N.D. Cal.); *In the Matter of Compass Fund Management, LLC*, Case No. 07-40129 (N.D. Cal.); *In the Matter of Compass West Fund, L.P.*, Case No. 07-40130 (N.D. Cal.). The involuntary bankruptcy actions against the Ehee Defendants threaten to interfere with the district court's pre-existing and well-publicized asset freeze order over those parties, undermine the proper distribution of funds to investors, and waste the remaining assets of the Ehee Defendants' estates. Accordingly, the Commission respectfully requests that this motion be assigned to Judge Illston, that the district court withdraw the reference of the Ehee Defendants' bankruptcy actions to the bankruptcy court, and that the bankruptcy actions be assigned to Judge Illston's chambers where they can be dismissed or coordinated with the other two, pre-existing actions involving the Ehee Defendants. The Commission has filed its Notice of Pendency of Other Action or Proceeding concurrently herewith.

## I. STATEMENT OF FACTS

### A. Defendants

On November 8, 2006, the Commission filed an action against the Ehee Defendants seeking a temporary restraining order prohibiting further securities law violations and an order freezing the Ehee Defendants' assets so that they could be preserved for distribution to investors. *SEC v. Viper Capital Management, LLC, et al.*, Case No. C 06-6966 SI (N.D. Cal.). In the SEC Action, the Commission alleged in its complaint that Ehee and the two investment management funds he operates misled investors about their investments by, among other things, issuing false and misleading performance results, fraudulent monthly account statements, and phony fund audit reports. Ehee then converted investor funds to personal use or used them to pay off earlier investors as is typical in a "Ponzi" scheme.

On November 8, 2006, the district court in the SEC Action granted the Commission's request for a temporary restraining order, enjoined defendants from further securities law violations, and froze their assets. Section IV of the temporary restraining order specifically addressed the sale of defendant Ehee's real property: it provided a mechanism for sale of such property and further provided that proceeds from any sale be delivered to the district court's registry. Shortly thereafter, the parties stipulated to a preliminary injunction order, and on November 22, 2006, the district court entered the order (the "Preliminary Injunction Order"), which, among other things, contained the same provision for the freeze of assets and sale of real property as the temporary restraining order. Thus, the district court in the SEC Action has exercised jurisdiction over Ehee's real property, including the proceeds of any sale thereon, along with any bank or brokerage accounts. Ehee has proposed selling his house and using the proceeds to partially compensate investors in this action.

On November 22, 2006, one of Ehee's investors, AAG Roosevelt Fund, L.P. ("AAG"), a hedge fund managed by an investment adviser in Marin County, filed a complaint against Ehee and his management companies alleging violations of the federal securities laws and other state law claims. *AAG Roosevelt Fund, L.P. v. Edward Sewon Ehee, et al.*, Case No. C-06-7270 (N.D. Cal.). The factual basis for the AAG complaint was largely derivative of the SEC action. On January 9, 2007, Judge Illston ordered the AAG Action assigned to her courtroom.

On January 12, 2007, over two months after the Commission filed its action, AAG filed Chapter 7 involuntary petitions against Ehee, Compass Management and Compass Fund. *See In the Matter of Edward Sewon Ehee*, Case No. 07-40126T (N.D. Cal.); *In the Matter of Compass Fund Management, LLC*, Case No. 07-40129) (N.D. Cal.); *In the Matter of Compass West Fund, L.P.*, Case No. 07-40130 (N.D. Cal.).[1] Although AAG's involuntary petition referenced the SEC and AAG Actions, AAG did not advise the bankruptcy court of the asset freeze in the Preliminary Injunction Order in the SEC Action. Ehee is contesting the involuntary bankruptcy petition. Compass Management and Compass West appear defunct. Ehee's sole asset appears to be his house and only two creditors have appeared in his bankruptcy action that are not investors (one is a mortgage company).

AAG's counsel has represented that AAG's purpose in filing the bankruptcy petitions was to have a bankruptcy trustee appointed to sue other investors and seek the return of any investment funds they received from the Ehee Defendants. (Vasquez Decl. ¶ 6.) To date, however, AAG has provided no evidence of a sound basis for its theory that investors received funds in bad faith. AAG proposes to use the proceeds from the sale of Ehee's house to fund the proposed litigation against the other investors. Accordingly, the bankruptcy action has the distinct possibility of wasting the one viable asset that may be used to compensate investors – an asset over which the district court in the SEC Action has already asserted jurisdiction.

## II. ARGUMENT

District courts have original jurisdiction over bankruptcy cases and proceedings. 28 U.S.C. § 1334(a). District courts, however, may refer bankruptcy actions and proceedings to bankruptcy court:

---

[1] The automatic stay provisions of the bankruptcy code do not apply to the SEC Action because it was brought by a government agency. *See* 11 U.S.C. § 362(b)(4). Nevertheless, AAG's counsel has asserted that the SEC Action is stayed and that Ehee's house is an asset exclusively within the jurisdiction of the bankruptcy court. (Declaration of Xavier Carlos Vasquez In Support of Securities and Exchange Commission's Memorandum of Points and Authorities in Support of Motion to Withdraw the Reference of the Bankruptcy Cases of Edward Sewon Ehee, Compass Fund Management, LLC, and Compass Fund West, LP ("Vasquez Decl.") ¶ 5.)

> Each district may provide that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a). Like most districts courts, the District Court for the Northern District of California has referred all bankruptcy cases and proceedings to the Northern District Bankruptcy Court. N.D. Cal. General Order No. 24, Part 1.01.

Although a district court may refer a bankruptcy case or proceeding to bankruptcy court, it may likewise withdraw that reference in whole or in part under 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section [to the bankruptcy court], on its own motion or on timely motion of any party, for cause shown. The district court, shall, on a timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Accordingly, withdrawal of the reference is mandatory if the district court determines that resolution of the bankruptcy action requires consideration of both the Bankruptcy Code and other federal laws. Otherwise, withdrawal is permissive if good cause is shown.

For the reasons discussed below, Section 157(d) mandates withdrawal of the reference of the Ehee Defendants' involuntary bankruptcy actions, because resolution of the claims will involve consideration of the district court's asset freeze order in the SEC action and the federal securities laws. Alternatively, good cause exists to permit the Court to withdraw the references.

**A.    Withdrawal of the Reference Is Mandatory**

Section 157(d) provides that a district court "shall" withdraw the reference to the bankruptcy court when the resolution of the bankruptcy case would require consideration of both the bankruptcy code and other federal laws. The Ninth Circuit has instructed that withdrawal is mandatory "in cases

1  requiring material consideration of non-bankruptcy federal law." *Security Farms v. Int'l Bhd of*
2  *Teamsters*, 124 F.3d 999, 1007 (9th Cir. 1997). Where bankruptcy proceedings implicate the federal
3  securities laws, district courts generally have granted withdrawal motions. *See, e.g., In re*
4  *Contemporary Lithographers, Inc.*, 127 B.R. 122, 127 (M.D.N.C. 1991); *In re American Solar King*
5  *Corp.*, 92 B.R. 207, 210-11 (W.D. Tex. 1988); *Price v. Craddock*, 85 B.R. 570, 573 (D. Colo. 1988).
6  Withdrawal is mandatory in this case because the district court has asserted jurisdiction over Ehee's
7  real property and because any claims against shareholders for disgorgement of earlier distributions
8  would foreseeably involve application of the federal securities laws.
9       Withdrawal has been found mandatory where the court must determine application of the
10 automatic stay provisions of the Bankruptcy Code to a government enforcement proceeding. *See In*
11 *re Chateaugay Corp.*, 86 B.R. 33, 37 (S.D.N.Y. 1987). AAG's counsel has asserted that the
12 automatic stay provisions of the Bankruptcy Code stay the SEC Action, even going so far as to argue
13 that the parties in that action were prohibited from participating in a court-ordered settlement
14 conference. (Vasquez Decl. ¶ 5.) As a matter of law, AAG is wrong. *See* 11 U.S.C. 362(b)(4)
15 (exemption from stay actions by government agencies to enforce the agency's police or regulatory
16 power); *SEC v. Bilzerian*, 131 F. Supp. 2d 10 (D.D.C. 2001) (holding SEC action not stayed by
17 bankruptcy code). Although the Commission believes AAG's position is without merit, that decision
18 is one that should be determined by a district court rather than a bankruptcy court.
19       Withdrawal also has been held mandatory where, as here, proper distribution of proceeds
20 requires consideration of both bankruptcy law and the federal securities laws. *See In re Daisy*
21 *Systems Sec. Litig.*, 132 B.R. 752, 756 (N.D. Cal. 1991). The Commission would propose
22 distributing any disgorgement ordered in the SEC Action to the Ehee Defendants' investors in an
23 equitable manner as developed by case law interpreting the federal securities laws. Many of the
24 creditors in the Ehee Defendants' bankruptcy actions will likely also be investors, who would receive
25 distributions under a potentially conflicting system of distribution provided for in the bankruptcy
26 code. Any proper distribution would therefore require reconciliation of the competing systems to
27 ensure just and equitable distribution of funds to investors.
28

AAG's proposed fraudulent conveyance litigation also would necessarily implicate the federal securities law. As the Commission staff understands it, AAG proposes that a Chapter 7 trustee litigate against investors who may have received partial or complete returns on their investments from Ehee under a "fraudulent conveyance" theory. AAG would be required to show that Ehee acted in bad faith when he returned the investments (presumably by showing he was aware he was operating a Ponzi scheme). And such investors would not be required to returns any funds in excess of their invested principal if they can prove they accepted the funds in good faith (for example, pursuant to an investment contract and without any knowledge of the scheme). *See Hayes v. Palm Seedlings Partners*, 916 F.2d 528, 534-36 (9th Cir. 1990). These determinations would necessarily implicate the Ehee Defendants' fraudulent intentions, the investors' reasons for investing, statements made to the investors and whether they believed them, the source of funds used to pay investors, what the investor understood concerning repayment, and any information the investor may have had concerning whether the Ehee Defendants were operating a fraudulent scheme. Each of these determinations is necessarily entwined with the SEC Action and the federal securities laws. Accordingly, the bankruptcy action will require material consideration of the federal securities laws.

### B.  Permissive Withdrawal of the Reference Is Appropriate

Even if withdrawal of the reference is not mandatory, this Court is still permitted to, and should, withdraw the reference. Section 157(d) permits the Court to withdraw the reference for cause shown. The Ninth Circuit has held that in determining whether cause exists, the district court should consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms*, 124 F.3d at 1008. These factors warrant permissive withdrawal.

#### 1.  Efficient Use of Judicial Resources

As discussed above, there is substantial overlap between the bankruptcy action and this action such that withdrawal of the reference will promote judicial economy. *See In re Wedtech Corp.*, 81 B.R. 237, 239 (S.D.N.Y. 1987) (holding when bankruptcy action involves common issues of law and fact with the case pending in district court, "the overlapping of facts, transactions and issues in the two cases . . . is good cause for withdrawal of the reference and consolidation with the district court

proceeding.") Both courts may need to determine jurisdiction over Ehee's real property, whether he acted fraudulently, whether investors were misled, any costs to be assessed against Ehee's assets, and how to distribute funds to investors. Withdrawal is thus appropriate. *See, e.g., In re First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001) (withdrawing bankruptcy proceeding in part because issues concerning debtor's lending practices were already to be determined by district court in FTC's substantive action); *Big Rivers Elec. Corp. v. Green River Coal Co., Inc.*, 182 B.R. 751, 756 (W.D. Ky. 1995) (holding "[p]reservation of judicial resources . . . mandates" withdrawal of the reference in part with district court will "have clear command over the same core of facts relevant to both proceedings").

Moreover, withdrawal is proper because it is possible that the two courts will order separate, inconsistent plans for distribution of the Ehee Defendants' assets. *See Congress Credit Corp v. AJC Int'l Inc.*, 42 F.3d 686, 690 (1st Cir. 1994) (holding that where actions have similar facts, rather than invite "divide and conquer strategy," bankruptcy action should be moved to district court pursuant to Section 157(d) so the claims can be resolved "without the distraction of conceivable double or conflicting recoveries in different courts").

### 2. Delay and Costs to the Parties

The SEC Action was filed over two months before the involuntary bankruptcy actions were filed and is further along than the bankruptcy actions. Assigning the bankruptcy actions to the same Court with the SEC and AAG Actions will not delay any of those actions or add additional costs to the parties. To the contrary, it may reduce costs by reducing overlapping motions on the same issues.

### 3. Uniformity of Administration

The uniformity of bankruptcy administration will be assisted by having one court decide whether the asset freeze applies to this action and whether Ehee's real property is subject to the jurisdiction of this court. Those questions also properly belong before the District Court.

### 4. Preventing Forum Shopping

AAG apparently filed the involuntary bankruptcy proceedings to make an end run around this Court's asset freeze order and use the proceeds from the sale of Ehee's house to fund unsubstantiated claims against other investors. AAG has already filed a separate action against Ehee, which is now

1 before the same court as the SEC action, and could use that action to seek discovery against other
2 investors. Rather than incur that cost, AAG seeks to use the bankruptcy court to jeopardize Ehee's
3 one viable asset for AAG's own purposes rather than preserve it for all investors. Withdrawal is
4 appropriate to discourage such blatant forum shopping. *See Wechsler v. Squadron, Ellenoff, Plesent
5 & Sheinfeld LLP*, 201 B.R. 635, 641 (S.D.N.Y. 1996) (holding withdrawal appropriate whether
6 bankruptcy action filed to avoid district court decisions).

Accordingly, for the reasons discussed above, both mandatory and permissive withdrawals of the references are appropriate.

### III. CONCLUSION

For the foregoing reasons, the Commission respectfully request that this Court withdraw the references for the Ehee Defendant's bankruptcy actions and assign those actions to this Court.

Dated: April 30, 2007

Respectfully submitted,

Helane L Morrison
John S. Yun
Robert S. Leach
Xavier Carlos Vasquez
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION