ORIGINAL

FILED
2007 APR 30 PM 3:38
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
OAKLAND, CA.

HELANE L. MORRISON (Cal. Bar No. 127752)
JOHN S. YUN (Cal Bar No. 112260)
  yunj@sec.gov
ROBERT S. LEACH (Cal. Bar No. 196191)
  leachr@sec.gov
XAVIER CARLOS VASQUEZ (Cal. Bar No. 194644)
  vasquezc@sec.gov
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Movant,<br><br>v.<br><br>EDWARD SEWON EHEE, COMPASS FUND MANAGEMENT, LLC, and COMPASS WEST FUND LP,<br><br>Debtors | Case No.<br><br>DECLARATION OF XAVIER CARLOS VASQUEZ IN SUPPORT OF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE OF THE BANKRUPTCY CASES OF EDWARD SEWON EHEE, COMPASS FUND MANAGEMENT, LLC AND COMPASS WEST FUND, L.P.<br><br>28 U.S.C. § 157(d)<br>Local Rule 5011-2<br><br>Hearing Date: TBD |
| In re<br><br>EDWARD SEWON EHEE,<br><br>Debtor | Case No. 07-40126T<br><br>(Involuntary Chapter 7) |
| In re<br><br>COMPASS FUND MANAGEMENT, LLC,<br><br>Debtor | Case No. 07-40129<br><br>(Involuntary Chapter 7) |

I hereby certify that the foregoing/annexed
...
...

MAY 0 4 2007    U.S. Bankruptcy [illegible]
                By: [signature]
                    Deputy Clerk

| | |
|---|---|
| In re<br><br>COMPASS WEST FUND, L.P.,<br><br>Debtor | Case No. 07-40130<br><br>(Involuntary Chapter 7) |

I, XAVIER CARLOS VASQUEZ, DECLARE:

1. I am an attorney duly admitted to practice in the State of California, and a staff attorney in the San Francisco District Office of the Securities and Exchange Commission ("Commission").

2. On November 8, 2006, the Commission filed an action against Edward Sewon Ehee ("Ehee"), Compass Fund Management, LLC ("Compass Management"), and Compass West Fund LP ("Compass West") (collectively, the "Ehee Defendants"), among others, alleging violations of the federal securities laws. *SEC v. Viper Capital Management, LLC, et al.*, Case No. C 06-6966 SI (N.D. Cal.) (the "SEC Action"). At that time, Judge Illston granted the Commission's motion for a temporary restraining order, enjoined the Ehee Defendants from further securities law violations, and froze the Ehee Defendants' assets. I am one of the attorneys with primary responsibility for the Commission's litigation in this matter.

3. According to publicly available court records, on November 22, 2006, one of Ehee's investors, AAG Roosevelt Fund, L.P. ("AAG"), filed a complaint against Ehee and his management companies alleging violations of the federal securities laws and other state law claims. *AAG Roosevelt Fund, L.P. v. Edward Sewon Ehee, et al.*, Case No. C-06-7270 SI (N.D. Cal.) (the "AAG Action"). Both the SEC Action and the AAG Action are now before Judge Illston.

4. According to publicly available court records, on January 12, 2007, over two months after the Commission filed its action, AAG filed Chapter 7 involuntary petitions against Ehee, Compass Management and Compass Fund. *See In the Matter of Edward Sewon Ehee*, Case No. 07-40126T (N.D. Cal.); *In the Matter of Compass Fund Management, LLC*, Case No. 07-40129) (N.D. Cal.); *In the Matter of Compass West Fund, L.P.*, Case No. 07-40130 (N.D. Cal.). Counsel for AAG in that matter is Richard Pedone from the Boston office of Nixon Peabody LLP.

5. Between mid-March 2007 and mid-April 2007, I have had a number of telephone conferences with Mr. Pedone concerning the SEC action and the involuntary bankruptcy actions filed by AAG against Ehee, Compass Management and Compass West. During the course of those conversations, Mr. Pedone indicated that he believed the SEC Action was stayed by the filing of the bankruptcy actions and that Ehee's house was within the exclusive jurisdiction of the bankruptcy court. Mr. Pedone also asserted that a court-ordered settlement conference in the SEC action was stayed by the filing of the bankruptcy actions.

6. Mr. Pedone further indicated to me that he intended to seek the appointment of a bankruptcy trustee in the bankruptcy actions and was considering asking that trustee to investigate potential claims against other investors of the Ehee Defendants to determine whether investment funds returned to those investors could be returned to the bankruptcy estates under a "fraudulent conveyance" theory. Although I asked Mr. Pedone for evidence to support a theory that such investors accepted funds from the Ehee Defendants in bad faith, he was unable to provide such evidence.

Executed this 30th day of April, 2007, in San Francisco, California.

/s/ Xavier Carlos Vasquez