UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>EDWARD SEWON EHEE,<br><br>　　　　Defendant. | Case Nos.<br>C 07-02507 SI<br>C 07-02508 SI<br>C 07-02509 SI<br><br>JOINT STATEMENT FOR STATUS CONFERENCE |

The undersigned parties to the above-entitled actions jointly submit this Case Management Statement pursuant to the Court's order dated May 16, 2007. This matter involves a motion by the Securities and Exchange Commission ("Commission") to withdraw the reference to bankruptcy court (the "Motion to Withdraw") of three bankruptcy cases involving three defendants in a matter entitled *Securities & Exchange Commission v. Viper Capital Management, LLC, et al.* (Case No. C-06-6966-SI) and assume jurisdiction over those cases.

## UNDISPUTED FACTS

**The Commission's Action**: On November 8, 2006, the Commission filed an action alleging violations of the federal securities laws against defendant Edward Sewon Ehee ("Ehee"), a San Francisco-based investment adviser, and two related investment advisory firms – Viper Capital Management, LLC ("Viper Management") and Compass Fund Management, LLC ("Compass Management"). *Securities & Exchange Commission v. Viper Capital Management, LLC, et al.*, Case No. C-06-6966-SI ("SEC Action"). The Commission also named as relief defendants Compass West Fund, LP ("Compass West") and Viper Founders Fund, LP ("Viper Fund"))

**Roosevelt Action**: On November 22, 2006, one of Ehee's investors, AAG Roosevelt Fund, L.P. (now Roosevelt Fund, L.P. ("Roosevelt") filed a complaint against Ehee and his management companies alleging violations of the federal securities laws and other state law claims. *AAG Roosevelt Fund, L.P. v. Edward Sewon Ehee, et al.*, Case No. C-06-7270 SI (N.D. Cal.) (the "Roosevelt Action").

**The Bankruptcy Cases**: On January 12, 2007, Roosevelt filed three involuntary petitions against defendants in the SEC Action under Chapter 7 of the Bankruptcy code (Title 11 U.S.C.) with the U.S. Bankruptcy Court for this district, all of which are now before the Honorable Leslie Tchaikovsky, U.S. Bankruptcy Judge:

1. Edward Sewon Ehee, thus commencing *In the Matter of Edward Sewon Ehee*, U.S. Bk. Ct. N.D. Chapter 7 Case No. 07-40126T ("Ehee Bankruptcy Case");

2. Compass Fund Management, LLC, thus commencing *In the Matter of Compass Fund Management, LLC*, U.S. Bk. Ct. N.D. Chapter 7 Case No. 07-40129 ("Compass Fund Management Bankruptcy Case"); and

3. Compass West Fund, L.P., thus commencing *In the Matter of Compass West Fund, L.P.*, U.S. Bk. Ct. N.D. Chapter 7 Case No. 07-40130 ("Compass West Bankruptcy Case") (collectively, "the Bankruptcy Cases").

On February 28, 2007, Ehee filed an Answer in the Ehee Bankruptcy contesting the petition against him. No one has contested or appeared for either Compass Fund Management or Compass West Fund in their respective bankruptcy cases. On February 20, 2007, the Bankruptcy Court entered an order for relief under Bankruptcy Code Section 303 with respect to the Compass West Bankruptcy Case. The U.S. Trustee appointed Lois Brady as Chapter 7 trustee for Compass West and she has retained counsel. Brady has conducted and continued the statutory meeting of creditors under Bankruptcy Code Section 341(a). The Bankruptcy Court had deferred ruling on a request by Roosevelt to jointly administer the Bankruptcy Actions pending the outcome of the Motion to Withdraw.

**The Motion to Withdraw:** On April 30, 2007, pursuant to Rule 5011-2 of the Local Bankruptcy Rules for the Northern District of California, the Commission filed a single motion to withdraw the reference to bankruptcy court ("Motion to Withdraw") of all three Bankruptcy Cases. The Motion to Withdraw the bankruptcy action against Ehee has been docketed as *Ehee v. Securities and Exchange Commission*, Case No. 07-cv-02508. The Motion to Withdraw the bankruptcy action against Compass Fund Management has been docketed as *Securities and Exchange Commission vs. Edward Sewon Ehee, et al.*, Case No. 07-cv-02507. The Motion to Withdraw the bankruptcy action against Compass West Fund has been docketed as *Securities and Exchange Commission vs. Edward Sewon Ehee, et al.*, Case No. 07-cv-02509. On May 16, 2007, the Commission filed a motion to relate these three matters to this Court, and the Court granted the motion that day. The three matters are the subject of this Court's May 16, 2007 status conference order.

## CONTENTIONS OF THE PARTIES

**The Commission's Contentions:** As part of the SEC Action, this Court granted the Commission's request for a temporary restraining order, enjoined defendants from further securities law violations, and froze their assets. Section IV of the temporary restraining order specifically addressed the sale of defendant Ehee's real property: it provided a mechanism for sale of such

1 property and further provided that proceeds from any sale be delivered to the district court's registry.
2 Shortly thereafter, the parties stipulated to a preliminary injunction order, and on November 22, 2006,
3 this court entered the order (the "Preliminary Injunction Order"), which, among other things,
4 contained the same provision for the freeze of assets and sale of real property as the temporary
5 restraining order.

6 As addressed in greater detail in the Motion to Withdraw, the involuntary bankruptcy actions
7 against the Ehee Defendants threaten to interfere with this Court's pre-existing and well-publicized
8 asset freeze order over those parties, undermine the proper distribution of funds to investors, and
9 waste the remaining assets of the Ehee Defendants' estates (primarily, Ehee's residence).
10 Accordingly, the Commission respectfully requests that the Bankruptcy Cases be assigned to this
11 Court where they can be dismissed or coordinated with the other two, pre-existing actions involving
12 the Ehee Defendants.

13 **Ehee's Contentions:** Ehee disputes the material underlying substantive allegations of
14 the Commission and Roosevelt in their respective actions. But, Ehee does not at this time intend to
15 oppose the Commission's request to withdraw the reference of the three bankruptcy cases to the
16 bankruptcy court. Nor does Ehee contest that (1) the three bankruptcy cases are related to each other,
17 and (2) the two civil actions are related to each other and to the bankruptcy cases. Nevertheless, Ehee
18 does dispute the Commission's contention that the three bankruptcy cases are subject to the
19 mandatory withdrawal of reference provisions under 28 U.S.C. Sect 157(d).

20 Bankruptcy cases are *in rem* in nature and even where a U.S. District judge withdraws
21 the reference of bankruptcy jurisdiction from the bankruptcy court and sits as a court of bankruptcy,
22 the case is governed neither by the Fed.R.Civ.P. nor by this Court's Local Civil Rules. They are
23 governed by the Fed.R.Bankr.P. (Fed.R.Bankr. P. 1001) and in this district the Bankruptcy Local
24 Rules (U.S. Dist. Ct. N.D. Cal. Bankruptcy Local Rule 1001-1 (the U.S. Bankruptcy Court for this
25 district has no independent local rules)). Due to their peculiar nature, a bankruptcy case cannot
26 simply be consolidated with other civil cases. Hence, if withdrawal of jurisdiction to this Court
27 occurs, it is possible this Court will be forced to contend with numerous burdensome administrative
28 and technical issues. Ehee believes there is a strong likelihood of significant procedural and

substantive confusion -- already evidenced by the improper designation and captioning of the Commission as a "plaintiff" and Ehee and the other debtor's as "defendants" in these actions. Hence, Ehee contends that should this Court exercise its discretion to withdraw the reference of the three bankruptcy cases, it should do so only after determining that such withdrawal is discretionary and that it retains the power to remand the cases to the bankruptcy court should it determine in the future that such withdrawal of reference was improvident.

Ehee requests the Court take the following specific actions at the status conference:

1. The Commission's motion should be decided in the same manner as motions generally. Specifically, the Court should set the Commission's motion for a hearing and establish a schedule for the filing of formal responses to the Commission's moving papers. The Commission has already fully briefed its position in its moving papers. The other parties should be afforded the same opportunity.

2. Ehee requests that at the status conference held on this matter, the Court also address any "housekeeping issues" that arise, including clarification of the proper captioning of these matters, under which case number or numbers papers should be filed, upon whom papers need to be served, and the appropriate capacities, titles and alignment of the parties.

**Roosevelt's Contentions:** Roosevelt opposes the Motion to Withdraw the Reference with regard to all aspects of the bankruptcy cases. While a complete withdrawal of the reference for an entire bankruptcy case is technically possible under the applicable law, it is extraordinarily rare, if not unprecedented. Congress created the Bankruptcy Courts to deal with the specialized administratively burdensome aspects of bankruptcy cases and the system works. The Commission has not cited a single case where the reference of an entire bankruptcy case was withdrawn, nor has it identified the specific future contested matters in these bankruptcy cases that would be best heard by the District Court. Notably, the Bankruptcy Code, and the Federal Rules of Bankruptcy Procedure will continue to govern all aspects of the three involuntary cases after any withdrawal.

Roosevelt requests that a briefing schedule on the Commission's Motion be established. Simultaneously with briefing the parties shall continue with their settlement discussions.

**Trustee Brady's Contentions**: Trustee Brady (trustee as to Compass West) takes no position with respect to the Motions to Withdraw.

**Disputed Factual Issues:**

Although there are disputes in the underlying actions, the Commission's motion does not require factual discovery. The parties have not identified any disputed facts that are relevant to the specific issue of whether the Commission's motion should be granted.

Dated: May 18, 2007

By: /s/ Xavier Carlos Vasquez
XAVIER CARLOS VASQUEZ, Esq.
Attorney for Movant
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery St., Ste. 2600
San Francisco, CA 94104
(415) 705-2500
vasquezc@sec.gov

Dated: May 18, 2007

By: /s/ James D. Wood
JAMES D. WOOD, Esq.
Law Offices of James D. Wood
3675 Mt. Diablo Blvd., #250
Lafayette, CA 94549-3775
(925) 284-9663
jdw@jdwoodlaw.com
Attorney for EDWARD SEWON EHEE,

Dated: May 18, 2007

By: /s/ Richard Pedone
RICHARD PEDONE, Esq.
NIXON PEABODY LLP
100 Summer St.
Boston, MA 02110
(617) 345-1305
rpedone@nixonpeabody.com
Attorneys for Petitioning Creditor
ROOSEVELT FUND, L.P.