1  HELANE L. MORRISON (CA Bar No. 127752)
   JOHN S. YUN (CA Bar No. 112260)
2  XAVIER CARLOS VASQUEZ (CA Bar No. 194644)

3  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
4  44 Montgomery Street, Suite 2600
   San Francisco, California 94104
5  Telephone: (415) 705-2500
   Telecopy: (415) 705-2501

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> VIPER CAPITAL MANAGEMENT, LLC, COMPASS CAPITAL MANAGEMENT, LLC, and EDWARD SEWON EHEE, <br><br> Defendants, <br><br> and <br><br> COMPASS WEST FUND, LP, VIPER FOUNDERS FUND, LP, VIPER INVESTMENTS, ALBERT EHEE, ROBERT EHEE and JENNIFER EHEE, <br><br> Relief Defendants. | Civil Action No. C-06-6966-SI <br><br> (Related to Case Nos. C-07-2507-SI, C-07-2508-SI and C-07-2509-SI) <br><br> **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO WITHDRAW BANKRUPTCY REFERENCE** <br><br> Date: June 22, 2007 <br> Time: 9:00 a.m. <br> Judge: Susan Illston <br> Courtroom: 10 |

P's Reply Brief
Civ C-06-6966-SI

**REPLY BRIEF**

I. **Withdrawing the Bankruptcy Reference Will Promote A Quick Resolution.**

Plaintiff Securities and Exchange Commission ("Commission") has moved (in proceedings designated as Case Nos. C-07-2507-SI, C-07-2508-SI and C-07-2509-SI) to withdraw the reference to bankruptcy court of three *involuntary* proceedings initiated by the Roosevelt Fund, L.P. ("Roosevelt Fund") against defendants Edward Ehee, Compass Fund Management, LLC and Compass West Fund, LLP. Besides fostering judicial economy and consistency, the current motion is predicated upon (i) the Commission's statutory right to complete this proceeding without interference by any bankruptcy filing and (ii) the Court's prior asset freeze over Edward Ehee's only substantial asset – his residence in the Oakland Hills area. 11 U.S.C. § 362(b)(4); *S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10, 14 (D.D.C. 2001). The Commission understands from the parties' prior telephone calls that the Roosevelt Fund opposes the motion because it believes that its bankruptcy petitions have stayed the Commission's action and that a bankruptcy court should resolve potential fraudulent conveyance claims before the Commission's action moves forward again.[1]

Given the Commission's and the Roosevelt Fund's contrary positions, the current motion presents a simple practical choice: (1) grant the current motion so that the Commission's case can be completed quickly or (2) deny the motion and risk delays and inconsistent rulings due to the bankruptcy court's jurisdiction over the same parties and assets. In light of the procedural status of this case and the bankruptcy cases, the prompt resolution of the Commission's case should take precedence.

The Commission filed this action in November 2006 and obtained a temporary restraining order and asset freeze. The Court subsequently entered a preliminary injunction and set a remedies trial in this case for August 13, 2007. Whether by settlement or further litigation, the Commission's action will therefore soon lead to entry of a final judgment against all defendants and

---

[1] The Roosevelt Fund considers its own civil case against those three defendants in this Court to be stayed pending the outcome of its three involuntary bankruptcy petitions in bankruptcy court.

P's Reply Brief
Civ C-06-6966-SI

relief defendants.[2] Under the asset freeze, the net sales proceeds from Edward Ehee's residence will go into the court's registry for distribution to the investors following entry of judgment.

By comparison, the three involuntary bankruptcy proceedings are still at "square one." Those bankruptcy proceedings were filed well after the Commission obtained a preliminary injunction and asset freeze in this Court, and on the eve of scheduling the remedies trial for the Commission's claims. There has been no order for relief in the two of the bankruptcy proceedings and no identification of available assets – with the exception of the Edward Ehee's residence. Although it believes that the bankruptcy proceedings can function as a forum for bringing fraudulent conveyance claims, the Roosevelt Fund does not offer a scintilla of evidence in its opposition papers to support the existence of such claims.

Because the Commission's case is nearing completion, it should go forward without any danger of delay or interference by the bankruptcy court. The Court should therefore withdraw the reference to the bankruptcy court until a final judgment is entered in this case, the residence is sold, and the sale proceeds are distributed to investors. At that time, the Court can consider sending back to the bankruptcy court any remaining bankruptcy issues.

## II.    The Federal Securities Law Issues Support Mandatory Withdrawal.

In its Opposition Papers, the Roosevelt Fund correctly acknowledges that mandatory withdrawal is appropriate when the case involves "'consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.'" Opposition Brief at 3 (quoting 11 U.S.C. § 157(d)). The Roosevelt Fund then makes, however, the wholly unsupported argument that "most of the issues ... in the Bankruptcy Cases are issues of bankruptcy law which are completely independent of the federal securities law." *Id.*

In reality, the federal securities laws permeate the bankruptcy proceedings in the same way that they permeate this enforcement case. The Roosevelt Fund does not identify any bankruptcy law principle that entitles it to repayment of the monies it transferred to defendants. The Roosevelt

---

2 During the case management conference in this case, counsel for the defendants indicated that his clients did not anticipate contesting liability or the amounts owed to many of the investors. The Court therefore set a two-day remedies trial for August 13 and 14, 2007, to decide any relief issues that the parties are unable to agree upon.

P's Reply Brief
Civ C-06-6966-SI

2

Fund does not, for example, have a liquidated claim in the form of a promissory note from defendants. Additionally, the Roosevelt Fund has not shown that it is entitled to repayment if defendants simply lost the money through unsuccessful investments.

Instead, to obtain repayment, the Roosevelt Fund must allege that it is the victim of misconduct by defendants. That misconduct involves a violation of the anti-fraud provisions of the federal securities laws through defendants' misrepresentations regarding the hedge funds. Additionally, that misconduct involves a violation of the investment advisor provisions of the federal securities laws through defendants' breaches of their fiduciary duties. As a result, the Roosevelt Fund's bankruptcy claims are based upon the same federal securities laws claims that have been alleged by both the Commission and the Roosevelt Fund in this Court.

For similar reasons, the supposed fraudulent conveyance claims necessarily involve federal securities issues. If an investor had a bona fide claim under the federal securities laws to the repayment of his investment by defendants, that investor may argue that he received the payment from defendants in good faith, and not fraudulently. This necessarily means that any fraudulent conveyance proceeding must, in the first instance, consider the other investors' rights under the federal securities laws. Given the central role that the federal securities laws will play in determining the investors' claims and defenses in the bankruptcy proceedings, the mandatory withdrawal of the bankruptcy reference is therefore appropriate.

### III. Securities Laws Issues Support Permissive Withdrawal of the Reference.

In arguing that permissive withdrawal of the reference is inappropriate, the Roosevelt Fund contends that the Court must consider whether the "the matter" is core or non-core. Opposition Brief at 4. Notably, after raising that point, the Roosevelt Fund fails to specify why any "core" bankruptcy issues are supposedly present or controlling.

Whether these proceedings involve core or non-core bankruptcy issues is inapt in any event. First, as demonstrated above, the central issues in the bankruptcy proceedings involve the investors' rights and claims under the federal securities laws against defendants; by their nature such securities laws claims are clearly non-core.

Second, the factors for determining whether permissive withdrawal should be granted

have been highlighted, in this Circuit, by the *Security Farms v. International Brotherhood,* 124 F.3d 999 (9th Cir. 1997), opinion:

> In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping and other related factors.

*Id.* at 1008.

These factors favor withdrawal of the reference. The Roosevelt Fund does not controvert the point made in the Commission's moving papers that there is a substantial overlap between the proposed bankruptcy actions and this action – which would lead to inefficiencies and raise the possibility of conflicting determinations. Commission's Motion at 6-8. Additionally, this Court is far more familiar with the operative facts than the bankruptcy court; this action has been before this Court since November 2006.

The Roosevelt Fund also fails to dispute that the involuntary bankruptcy proceedings constitute improper forum-shopping. As stated in the Commission's opening papers, those bankruptcies threaten to end run this Court's asset freeze by diverting the proceeds from the sale of Edward Ehee's residence to the bankruptcy court so that those funds could be used for the litigation costs of unsubstantiated fraudulent conveyance claims. *See* Commission's Motion at 7-8.

The Roosevelt Fund also argues that withdrawal of the reference of an entire case is "incredibly uncommon." Opposition Brief at 4. But this motion should be decided on the basis of the facts and the law, not the frequency with which this type of situation arises. There are certainly prior instances where a district court withdrew the reference of an entire bankruptcy case. *E.g., Security Farms, supra,* 124 F.3d at 1009 (affirming withdrawal of reference of several bankruptcy proceedings). The Court should therefore grant the Commission's motion.

DATED: June 14, 2007

_____
Helane L. Morrison
John S. Yun
X. Carlos Vasquez
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

P's Reply Brief
Civ C-06-6966-SI