James D. Wood, St. Bar. No. 106936
Attorney at Law
3675 Mount Diablo Boulevard, Suite 250
Lafayette, California 94549-3775
Tel. (925) 284-9663
Fax. (925) 283-9663
E-Mail: jdw@jdwoodlaw.com

Attorney for Debtor Edward S. Ehee

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>VIPER CAPITAL MANAGEMENT, *et al.*<br><br>Defendants.<br><br>AND RELATED ACTIONS | No. C 06-6966 SI<br><br>(Related Case Nos. C 06-7270 SI, C 07-2507 SI, C 07-2508 SI, C 07-2509 SI)<br><br>(Formerly: U.S. Bk. Ct. N.D. Cal. Involuntary Chapter 7 Case Nos. 07-40126T, 07-40129T, 07-40130T)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER AUTHORIZING FILING OF HOMESTEAD DECLARATION (ORIGINALLY FILED WITH U.S. BANKRUPTCY COURT ON JUNE 11, 2007)**<br><br>Date:   July 13, 2007<br>Time:   9:00 A.M.<br>Place:  450 Golden Gate Ave.<br>        San Francisco, CA<br>        Courtroom 10<br>Judge:  Hon. Susan Illston |

The undersigned hereby refiles the attached document originally filed with the U.S. Bankruptcy Court N.D. Cal. on June 11, 2007.

DATED: June 26, 2007

/s/ James D. Wood
_____
James D. Wood
Attorney for Debtor EDWARD S. EHEE

MEMO. IN SUP. MOT. FOR ORDER AUTH. FILING OF
HOMESTEAD DECLARATION, No. C 06-6966 SI

James D. Wood, St. Bar. No. 106936
Attorney at Law
3675 Mount Diablo Boulevard, Suite 250
Lafayette, California 94549-3775
Tel. (925) 284-9663
Fax. (925) 283-9663

Attorney for Debtor Edward S. Ehee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 07-40126T |
| EDWARD SEWON EHEE, | (Involuntary Chapter 7) |
| Debtor. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EDWARD EHEE'S MOTION FOR ORDER AUTHORIZING FILING OF HOMESTEAD DECLARATION** |
| | Hearing: |
| | Date:   July 5, 2007<br>Time:   3:00 P.M.<br>Place:  1300 Clay Street<br>        Oakland, CA<br>        Courtroom 201<br>Judge:  Hon. Leslie J. Tchaikovsky |

EDWARD SEWON EHEE ("Ehee" or "Debtor"), submits the following memorandum of points and authorities in support of the above-captioned motion (the "Motion"):

## I.    INTRODUCTION

Ehee and his wife (the "Ehees") own their home in Oakland. It is apparently undisputed that Ehee has hundreds of thousands of dollars of equity in that home. The various parties with whom Ehee is entangled in litigation are urging Ehee to sell his home because they believe if Ehee does not do so, the property will be lost to foreclosure -- a foreclosure sale was stayed by

the commencement of this case. To protect the equity and to preserve the status quo with respect to the various parties legal rights, Ehee also wants to sell the property.

The Ehees both owned and occupied the home beginning well before the commencement of this involuntary bankruptcy and have continued to do so at all times since then[1]. Were an order for relief in the case entered today, Ehee would be entitled to claim a homestead exemption in the property. But due to the unsettled state of the law governing the right to claim an exemption in the proceeds of otherwise exempt property disposed of during the period between the date of an involuntary petition and the date of an order for relief (commonly referred to as the "gap" period), Ehee risks losing the exemption unless he records a homestead declaration with respect to the property before selling it. But, again due to the unsettled state of the law, it is unclear whether Ehee may validly record a homestead declaration without this Court's permission. Hence, Ehee seeks this Court's permission to do so because, in the unusual circumstances of this case, authority for recording a homestead declaration will permit the preservation of the status quo rather than the alteration of the substantive rights of the parties.

## II.    FACTS

On November 8, 2006, the Securities and Exchange Commission ("SEC") filed an action against Ehee and others alleging violations of the federal securities laws alleging in substance that Ehee made various false representations to securities investors. *Securities & Exchange Commission v. Viper Capital Management, LLC, et al.* (U. S. Dist. Ct. N.D. Cal. Case No. C-06-6966-SI) (the "SEC Action"). On November 22, 2006, the district court entered a stipulated preliminary injunction, thereby extending a prior temporary restraining order, among other things, prohibiting Ehee from disposing of assets except under conditions authorized by the injunction

---

[1] The facts recited herein regarding the procedural status of this and related cases is based upon the petition commencing this case and the motions pending therein. Clerk's Dock. Nos. 1, 13,

MEMO OF PTS. & AUTH. IN SUP. OF EHEE'S MOT. FOR    -2-
ORDER AUTH. HOMESTEAD DEC., Case No. 07-40126T

(the "District Court Injunction").  Thereafter, on November 22, 2006, Roosevelt Fund, L.P. ("Roosevelt") also filed an action against Ehee and others asserting various claims under the securities and other laws alleging in substance that it had incurred substantial losses as a result of false representations made by Ehee.  *AAG Roosevelt Fund, L.P. v. Edward Sewon Ehee, et al.*, U. S. Dist. Ct. N.D. Cal. Case No. C-06-7270 SI (the "Roosevelt Action").  Roosevelt then commenced this and two related involuntary bankruptcy cases by filing petitions on January 12, 2007.  Ehee has denied the substantive allegations against him contained in the SEC Acton and the Roosevelt action and has opposed the petition against him.  No order for relief has been entered in this case.

Ehee and his wife own their home located at 6122 Acacia Ave., Oakland, California (the "Acacia" Property") .  The SEC contends that the Acacia Property probably constitutes the only significant source of potential recovery by investors to whom it asserts Ehee is liable.  The Acacia Property is now subject to non-judicial foreclosure proceedings which have been stayed by the pendency of this involuntary case.  The District Court Injunction contains provisions authorizing the Ehees to sell the Acacia Property subject to certain restrictions, principally that the SEC be notified of any proposed sale in advance, and that the proceeds thereof be deposited with the registry of the district court.  Both the SEC and Roosevelt have urged the Ehees to aggressively market the Acacia property lest it be foreclosed and the Ehees' equity thereby made unavailable to Ehee's alleged investor creditors.

Ehee also desires to market the property and does not oppose the deposit of any proceeds of a sale with the registry of the district court pending resolution of the litigation against him. Ehee would be entitled to assert an exemption in the Acacia Property if an order for relief under Bankruptcy Code Sect. 303 were entered today under California's automatic homestead

---

25-26. The Debtor's occupancy of the property at issue is established by the Declaration of

MEMO OF PTS. & AUTH. IN SUP. OF EHEE'S MOT. FOR        -3-
ORDER AUTH. HOMESTEAD DEC., Case No. 07-40126T

provisions. But, as detailed below, unless Ehee is permitted to record a homestead declaration prior to selling the Acacia Property, he risks losing that exemption if an order for relief under Sect. 303 is entered after a sale of the Acacia Property. Hence, Ehee submits that the effect of granting the relief he seeks will be to preserve the status quo[2].

### III.    RELIEF REQUESTED

As stated in the Motion, Ehee seeks an order:

1.  Authorizing he and/or his wife to record a homestead declaration pursuant to California Code of Civil Procedure Sects. 704.910-704.995 for the Acacia Property.

2.  Such order, if entered, shall expressly recognize that nothing in such order purports to modify, limit, override, construe, interpret, or diminish the effect of the District Court Injunction.

### IV.    ARGUMENT

**A.    The Court Should Authorize Ehee to Record a Homestead Declaration**

This Motion is necessitated by the unusual intersection of several legal issues. But, in spite of the apparent novelty of the precise circumstances of this case and the unsettled state of various legal issues discussed below, the Court should grant Ehee the relief he requests because to do so operates to preserve the status quo and to protect property of the estate from loss by foreclosure without prejudicing the rights of any creditors or other third parties.

1.  **If an Order for Relief is Entered and if Ehee Does Not First Sell the Acacia Property, He Will Be Entitled to Assert the "Automatic" Homestead Exemption Even Without Recording a Homestead Declaration**

California law contemplates two types of homestead exemption. The first, the "automatic" homestead, arises solely from the occupancy of a dwelling owned by the debtor and

---

Edward Ehee dated May 25, 2007 filed herewith.

[2] There is no specific proposed sale pending at this time. However, Ehee believes that the homestead exemption issue is a factor complicating and impeding efforts to market the Acacia Property. If the relief requested herein is granted by the Court now, Ehee need not condition closing of a future sale upon obtaining such relief.

MEMO OF PTS. & AUTH. IN SUP. OF EHEE'S MOT. FOR    -4-
ORDER AUTH. HOMESTEAD DEC., Case No. 07-40126T

eligible family members. Cal. Civ. Pro. Code Sect. 704.710 *et seq.*. The second, the "declared" homestead, exists only where a declaration of homestead has been properly recorded. Cal. Civ. Pro. Code Sect. 704.910 *et seq.* Both forms of homestead are recognized as properly claimable as exemptions in bankruptcy cases. It is beyond doubt that if the Court enters an order for relief and the Ehees still occupy the Acacia Property as of the entry of such an order, Ehee will be able to properly claim the automatic homestead exemption.

> 2. **If Ehee Sells the Acacia Property During the Gap Period Without First Recording a Valid Homestead Declaration, Ehee Risks Losing his Entitlement to Assert the Homestead Exemption**

If Ehee's right to claim bankruptcy exemptions is measured as of commencement of the bankruptcy case, then he is entitled to claim an automatic homestead even if he sells the property during the gap period. But, California's "automatic" homestead exemption does not protect the proceeds of a voluntary sale of the homestead property. Cal. Civ. Pro. Code Sect. 704.720 (proceeds exemption for automatic homestead limited to forced sale and for proceeds of damage or destruction); *In re Knudsen*, 80 B.R. 193 (Bk. C.D. Cal. 1987) (no exemption of proceeds for automatic homestead). Hence, if Ehee must rely solely upon the automatic homestead exemption, and if his right to claim bankruptcy exemptions is measured as of the date an order for relief is entered, then he would lose his entitlement to assert a homestead exemption by voluntarily selling the property during the gap period.

Unfortunately, the law is unsettled as to whether, in an involuntary case, exemptions are fixed as of the date of the commencement of the case or as of the date of the entry of an order for relief. Most, but not all courts to examine the issue have held that exemptions are measured as of the order for relief and that debtors may record homestead declarations, etc. during the gap period. *In re Andreotti*, 16 B.R. 28 (Bk. E.D. Cal. 1981); *In re Gaudreault*, 315 B.R. 1 (Bk. D. Mass. 2004), *In re Hodes*, 287 B.R. 561 (D. Kan. 2002), *In re Wilson*, 62 B.R. 43, 45-46 (E.D.

Tenn. 1985). *Contra: In re Pancratz*, 175 B.R. 85 (Bk. D. Wyo. 1994) (exemption defined as of petition date). The issue usually arises where the debtor seeks to apply exemptions as of the date of the order for relief so as to obtain the advantage of a post-petition events, such as the declaration of a homestead, etc. The courts that have held the date of the order for relief is controlling also generally agree that debtors are authorized to make gap period changes, claims, etc. that may perfect or enlarge their exemptions. The Ninth Circuit's pronouncements favor measurement of exemptions as of the date for the order of relief and to permit actions taken by debtors during the gap period such as the recordation of homestead declarations. But it has not squarely addressed the issue. See *First Beverly Bank v. Adeeb (In re Adeeb)*, 787 F.2d 1339, 1346 (9th Cir. 1986) (citing *Andreotti* with approval for the proposition that it would be inequitable to use the date the petition was filed in an involuntary case for purposes of determining whether a debt should be discharged); *In re Michael*, 49 F.3d 499 (9th Cir. 1995) and *In re Michael* 163 F.3d 526 (9th Cir. 1998)$^3$.

In spite of weight of authority favoring a debtor's right to file a post-petition homestead declaration, the foregoing cases illustrate that the issue is still unsettled. Due to the uncertainty of the law, if Ehee must rely upon the "automatic" homestead exemption, he risks losing his homestead exemption if he voluntarily sells the Acacia Property.

---

$^3$ In *In re Michael*, the voluntary chapter 7 debtors failed to file a homestead declaration required under applicable Montana law until after filing their petition. In an unpublished decision, the bankruptcy court initially held that a trustee's strong arm powers under Sect. 544 defeated a post-petition homestead declaration. The Ninth Circuit rejected the applicability of Sect 544 to the issue and vacated and remanded the case. *In re Michael*, 49 F.3d 499 (9th Cir. 1995). Thereafter, the Bankruptcy Court again held that the debtors could not rely upon the post-petition recordation of a homestead declaration relying in part upon the proposition that a post-petition homestead declaration violates the automatic stay. *In re Michael*, 183 B.R. 230 (Bk. D. Mont. 1995) (disapproving a proposed compromise of the issue) and *In re Michael*, 185 B.R. 830 (Bk. D. Mont. 1995) (disallowing the claimed homestead exemption). The Ninth Circuit reversed the latter decision on the basis that its earlier decision was law of the case. In doing so, it did not reach the merits of the bankruptcy court's holding that a post-petition homestead declaration violates the automatic stay. *In re Michael*, 163 F.3d 526 (9th Cir. 1998) *rev'g,* 185 B.R. 830.

3. **If Ehee Records a Valid Homestead Declaration Prior to Selling the Acacia Property, His Right to Assert a Homestead Exemption in the Proceeds of Sale Will be Preserved**

Unlike California's "automatic" homestead exemption, a valid "declared" homestead protects the proceeds of the voluntary sale of the property, at least for a limited time. Cal. Civ. Pro. Code Sect. 704.960(a). Hence, if Ehee records a valid homestead declaration prior to selling the property during the gap period, the homestead exemption rights will attach to the proceeds of the sale without regard to whether bankruptcy exemptions are measured as of the petition date (in which case the "automatic" homestead exemption applies) or as of the date of the order for relief (in which case the "declared" homestead will apply to the proceeds of the sale of the property).

4. **If Ehee Records a Homestead Declaration in the Gap Period Without this Court's Authorization, He risks Losing The Homestead Exemption Due to the Potential Invalidity of Such Declaration**

Under Bankruptcy Code Sect. 303(f), during the gap period, notwithstanding Bankruptcy Code Sect. 363, a debtor in an involuntary is permitted to use, acquire, or dispose of property in as if no bankruptcy case were pending. But, under Bankruptcy Code Sect. 549(a)(2) and (b) subsequent to an order for relief and subject to certain limitations, a trustee may avoid various transactions, "authorized only under section 303(f)". Moreover, it may be argued that the recordation of a homestead declaration in the gap period violates the automatic stay and/or the bankruptcy court's exclusive jurisdiction over property of the estate. The law in the Ninth Circuit appears to be that an involuntary debtor may take steps during the gap period which result in the alteration or enhancement of exemption rights. See Part IV(A)(2) of this memorandum. But, as discussed above, the law is unsettled on this issue. If during the gap period, Ehee records a homestead declaration without this Court's express authority and then sells the Acacia Property, he risks losing the automatic homestead exemption to which he is otherwise entitled due to the potential invalidity of the declared homestead.

MEMO OF PTS. & AUTH. IN SUP. OF EHEE'S MOT. FOR  -7-
ORDER AUTH. HOMESTEAD DEC., Case No. 07-40126T

5. **Ehee Cannot Prudently Sell the Property So Long as Doing So Risks Loss of the Homestead Exemption**

It is obvious that Ehee cannot prudently sell the property if doing so risks the loss of the homestead exemption to which he is otherwise entitled.

6. **Ehee Cannot Prudently Sell the Property Without First Obtaining the Court's Permission to Record a Homestead Declaration**

For the reasons specified above, Ehee cannot prudently sell the property unless this court grants him permission to record a homestead declaration.

7. **To Facilitate Sale Of The Property, and Thereby to Preserve the Status Quo, the Court Should Authorize Ehee to Record a Homestead Declaration.**

Those courts that have disapproved of debtors' post-petition actions which have the effect of altering or modifying exemption rights have reasoned that such actions violate either the automatic stay or the bankruptcy court's exclusive jurisdiction over property of the estate. They further reason that the commencement of a bankruptcy case effectively freezes exemptions in place at the commencement of the case. *See, e.g., In re Michael*, 185 B.R. 830 (Bk. D. Mont. 1995) *rev'd* 163 F.3d 526 (9th Cir. 1998)[4] and *In re Robbins*, 187 B.R. 400 (Bk. D. Mass. 1995). It therefore follows that even if the courts that have so held are correct, it is within a bankruptcy court's discretion to permit under Sect. 363 transactions that would otherwise be unauthorized. In this case, the Court should do so because such action does nothing more than promote the preservation of the status quo with respect to the homestead exemption while simultaneously eliminating the risk that the debtor's equity in the property will be lost to both he and his creditors through foreclosure.

---

[4] See footnote 3 above discussing *In re Michael*.

**B.    The Relief Sought By Ehee Does Not Interfere With The District Court Injunction**

Ehee does not believe that the District Court Injunction prohibits him from recording a homestead declaration and at this time does not believe it is necessary to obtain further relief from the district court. In any case, however, he requests that any relief this court authorizes pursuant to this motion expressly recognize that it does not modify, construe, or limit the effect of the District Court Injunction.

## V.    CONCLUSION

Ehee requests that the Court enter its order authorizing the relief as described above.

Respectfully submitted,

DATED: June 11, 2007

/s/ James D. Wood
_____
James D. Wood
Attorney for EDWARD S. EHEE

MemoP&AMotionHomesteadDec070518_01.doc 6/11/07 JDW

MEMO OF PTS. & AUTH. IN SUP. OF EHEE'S MOT. FOR         -9-
ORDER AUTH. HOMESTEAD DEC., Case No. 07-40126T