1 | MINNIE LOO, Assistant United States Trustee (SBN 106613)
MARGARET H. MCGEE (SBN 142722)
2 | MATTHEW R. KRETZER (SBN 157949)
LAURENT CHEN (SBN 191661)
3 | United States Department of Justice
Office of the United States Trustee
4 | 1301 Clay Street, Suite 690N
Oakland, California 94612-5231
5 | Telephone: (510) 637-3200

6 | Attorneys for Acting United States Trustee
SARA L. KISTLER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　Plaintiff,<br>v.<br>VIPER CAPITAL MANAGEMENT, LLC, et. al,<br>　　　　Defendants,<br>and<br>COMPASS WEST FUND, et al.,<br>　　　　Relief Defendants. | Case Nos. C 07-02507 SI<br>Related Case Nos.:<br>C 07-02508 SI; C 07-02509 SI;<br>C 06-06966 SI<br><br>Date: July 13, 2007<br>Time: 9:00 a.m.<br>Ctrm: 10 |
| In re<br>EDWARD SEWON EHEE,<br>　　　　Debtor. | **LIMITED OPPOSITION OF THE UNITED STATES TRUSTEE TO MOTION FOR JOINT ADMINISTRATION** |
| In re<br>COMPASS FUND MANAGEMENT,<br>　　　　Debtor. | |
| In re<br>COMPASS WEST FUND L.P.,<br>　　　　Debtor. | |

The United States Trustee[1] ("UST") is charged with the responsibility of supervising the administration of cases and trustees under chapter 7, 11, 12, 13 or 15 of the Bankruptcy Code and ensuring the integrity of the bankruptcy system. 28 U.S.C. § 586(a)(3).

Generally, in a chapter 7 case, the UST has the duty to appoint one disinterested person that is a member of the panel of private trustees established under 28 U.S.C. § 586(a)(1) to serve as the interim case trustee. 11 U.S.C. § 701(a)(1). To fulfill this duty, the UST has established a blind rotation system with the Clerk of the Bankruptcy Court to select a case trustee for each chapter 7 case.

Pursuant to Federal Rule of Bankruptcy Procedure 1015(b), a court may order joint administration of certain related debtors. The UST may appoint one or more interim trustees for estates being jointly administered. Fed.R.Bankr.Proc. 2009(c)(1). If a creditor wishes to have a different trustee, other than the one appointed by the UST, the creditor may choose to elect a trustee pursuant to the process established in 11 U.S.C. § 702.

On April 9, 2007, Roosevelt Fund, L.P., filed and served a Motion and Memorandum of Points and Authorities in Support of Motion for Joint Administration and Request for a Status Conference in three related cases – In re Edward Sewon Ehee (07-40126), In re Compass Fund Management (07-40129), and In re Compass West Fund, L.P. (07-40130). The United States Trustee ("UST") opposes the motion to the extent that it requests the Court to appoint a single chapter 7 trustee to administer all three cases.

In these cases, the Order for Relief has been entered in Compass Fund Management and Compass West Fund. Lois Brady has been appointed to the Compass West Fund case, and as of

---

[1] United States Trustees are officials of the Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy cases and trustees. See 28 U.S.C. §§ 581-589; In re Columbia Gas Sys., Inc., 33 F.3d 294, 296 (3d Cir. 1994) (explaining that United States Trustees oversee the bankruptcy process, protect the public interest, and ensure that bankruptcy cases are conducted according to law) (citing H.R. Rep. No. 95-595, 109 (1977)). "The United States Trustee is the 'watchdog' of the bankruptcy system, charged with preventing fraud and abuse and with 'fill[ing] the vacuum' caused by possible creditor inactivity." In re Castillo, 297 F.3d 940, 950 (9th Cir. 2002) (alteration in original) (citations omitted). Section 307 of the Bankruptcy Code authorizes the United States Trustee to appear and be heard in this case. See 11 U.S.C. § 307; In re Donovan Corp., 215 F.3d 929, 930 (9th Cir. 2000) (The United States Trustee may "intervene and appear at any level of the proceedings from the bankruptcy court on, 11 U.S.C. § 307, as either a party or an amicus.") (quoting Bernard v. Coyne, 31 F.3d 842, 844 (9th Cir. 1994)).

this date, a chapter 7 trustee has not been appointed in the Compass Fund Management case. No Order for Relief has been entered in the involuntary case of Edward Sewon Ehee.

Given the fact that the order for relief has been entered in only two of the three cases, the request for appointment of a trustee involves two distinct procedures. In an involuntary chapter 7 case where an order for relief has not been entered, the appointment of a trustee is governed by Federal Rule of Bankruptcy Procedure 2001(a), which states that "the court on written motion of a party in interest may order the appointment of an interim trustee under § 303(g) of the Code. The motion shall set forth the necessity for the appointment, and if the court determines that a trustee is necessary to preserve the property of the estate or to prevent loss to the estate, the court "may order the United States trustee to appoint an interim trustee under section 701 of this title . . ." 11 U.S.C. § 303(g). Thus, to appoint a trustee in the Ehee case, where the order for relief has not been entered, Roosevelt Fund must first make a motion pursuant to Rule 2001(a) and section 303(g) describing the necessity for such an appointment.

With respect to the Compass Fund Management case in which the order for relief has been entered, the Bankruptcy Code provides for the appointment of an interim trustee by the UST. Pursuant to 11 U.S.C. § 701, and Rule 2009(c)(1) for jointly administered cases, the UST is responsible for the appointment of an interim trustee in a chapter 7 case after the order for relief has been entered or as ordered by the court pursuant to 11 U.S.C. § 303(g). In the present situation, after the UST appoints an interim trustee in the Ehee case and/or the Compass Fund Management case, Roosevelt Fund, or any other creditor, may choose to elect a different trustee as provided by 11 U.S.C. § 702 and Federal Rule of Bankruptcy Procedure 2009(a).

Therefore, the UST opposes the Motion for Joint Administration to the extent that it seeks the appointment at this time of a single chapter 7 trustee to administer all three cases.

Date: July 5, 2007

Respectfully submitted,

Minnie Loo
Assistant United States Trustee

By:    _Laurent Chen_
Laurent Chen
Trial Attorney
Attorneys for Acting United States Trustee
Sara L. Kistler