AMENDED SCHEDULE "A"

THIS AMENDED SCHEDULE "A" IS ATTACHED TO AND MADE A PART OF CHAPTER 7 BLANKET BOND # 016030864 FILED WITH THE U. S. BANKRUPTCY COURTS FOR THE NORTHERN DISTRICTS OF CALIFORNIA AND WITH THE U. S. TRUSTEE FOR REGION 17.

NORTHERN DISTRICT OF CALIFORNIA (OAKLAND DIVISION)

| PRINCIPAL | PER CASE LIMIT | AGGREGATE LIMIT PER TRUSTEE |
|---|---|---|
| LOIS I. BRADY | $5,000,000 | $ 7,000,000.00 |
| WILLIAM H. BROACH | " | 5,100,000.00 |
| JOHN T. KENDALL | " | 13,500,000.00 |
| PAUL J. MANSDORF | " | 3,900,000.00 |
| TEVIS T. THOMPSON, JR | " | 7,900,000.00 |

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO AND SANTA ROSA DIVISIONS)

| PRINCIPAL | PER CASE LIMIT | AGGREGATE LIMIT PER TRUSTEE |
|---|---|---|
| ROBERT M. DAMIR | $5,000,000.00 | $ 435,000.00 |
| JANINA ELDER | " | 7,000,000.00 |
| ANDREA WIRUM | " | 9,000,000.00 |
| TIMOTHY W. HOFFMAN | " | 6,000,000.00 |
| BRIAN A. HOLT | " | 3,340,000.00 |
| JEFFRY G. LOCKE | " | 9,800,000.00 |
| E. LYNN SCHOENMANN | " | 19,000,000.00 |
| LINDA S. SCHUETTE | " | 350,000.00 |

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

| PRINCIPAL | PER CASE LIMIT | AGGREGATE LIMIT PER TRUSTEE |
|---|---|---|
| DAVID A. BRADLOW | $5,000,000.00 | $ 2,900,000.00 |
| WILLIAM A. BRANDT, JR. | " | 2,300,000.00 |
| SUZANNE L. DECKER | " | 12,200,000.00 |
| MOHAMED POONJA | " | 10,000,000.00 |

PAGE 2 - BOND #016030864
    SCHEDULE A CONT'D

| | | |
|---|---|---|
| JOHN W. RICHARDSON | " | 6,000,000.00 |
| JEROME E. ROBERTSON | " | 190,000.00 |
| CAROL W. WU | " | 11,400,000.00 |

The attached bond shall be subject to all its agreements limitations and conditions except as herein expressly amended and further that the liability of the Surety under the attached bond with amended schedule shall not be cumulative. The surety shall have no liability for any losses caused by conduct in which any of the said named principals engaged prior to the effective date of the original bond, this renewal or the date of any principal being added to this bond.

**THIS RENEWAL IS EFFECTIVE THE 1ST DAY OF JANUARY, 2007.**

**SIGNED AND SEALED THIS 5TH DAY OF JANUARY, 2007.**

LIBERTY MUTUAL INSURANCE COMPANY

By: _____
    MARLEY V. MILLER
    ATTORNEY-IN-FACT

ACCEPTED:

_____
U. S. Trustee's Office
Northern District of California

1933996

THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.
This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

## LIBERTY MUTUAL INSURANCE COMPANY
### BOSTON, MASSACHUSETTS
### POWER OF ATTORNEY

**KNOW ALL PERSONS BY THESE PRESENTS:** That Liberty Mutual Insurance Company (the "Company"), a Massachusetts stock insurance company, pursuant to and by authority of the By-law and Authorization hereinafter set forth, does hereby name, constitute and appoint

**CLARK P. FITZ-HUGH, R. TUCKER FITZ-HUGH, KATHERINE B. WERNER, DARLENE A. BORNT, LINDA A. BOURGEOIS, CATHERINE C. KEHOE, ELIZABETH C. LABAT, MARLEY V. MILLER, CANDICE T. GROS, KRISTINE K. SELLERS, ELIZABETH F. TREADWAY, ALL OF THE CITY OF NEW ORLEANS, STATE OF LOUISIANA** ..................................

, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations in the penal sum not exceeding **FIFTY MILLION AND 00/100******************** DOLLARS ($ **50,000,000.00***** ) each, and the execution of such undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents, shall be as binding upon the Company as if they had been duly signed by the president and attested by the secretary of the Company in their own proper persons.

That this power is made and executed pursuant to and by authority of the following By-law and Authorization:

ARTICLE XIII - Execution of Contracts: Section 5. Surety Bonds and Undertakings.
Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

By the following instrument the chairman or the president has authorized the officer or other official named therein to appoint attorneys-in-fact:

Pursuant to Article XIII, Section 5 of the By-Laws, Garnet W. Elliott, Assistant Secretary of Liberty Mutual Insurance Company, is hereby authorized to appoint such attorneys-in-fact as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

That the By-law and the Authorization set forth above are true copies thereof and are now in full force and effect.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of Liberty Mutual Insurance Company has been affixed thereto in Plymouth Meeting, Pennsylvania this __18th__ day of __April__, __2006__.

LIBERTY MUTUAL INSURANCE COMPANY

By _____
Garnet W. Elliott, Assistant Secretary

COMMONWEALTH OF PENNSYLVANIA    ss
COUNTY OF MONTGOMERY

On this __18th__ day of __April__, __2006__, before me, a Notary Public, personally came Garnet W. Elliott, to me known, and acknowledged that he is an Assistant Secretary of Liberty Mutual Insurance Company; that he knows the seal of said corporation; and that he executed the above Power of Attorney and affixed the corporate seal of Liberty Mutual Insurance Company thereto with the authority and at the direction of said corporation.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Plymouth Twp., Montgomery County
My Commission Expires Mar. 28, 2009
Member, Pennsylvania Association of Notaries

By _____
Teresa Pastella, Notary Public

**CERTIFICATE**

I, the undersigned, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the officer or official who executed the said power of attorney is an Assistant Secretary specially authorized by the chairman or the president to appoint attorneys-in-fact as provided in Article XIII, Section 5 of the By-laws of Liberty Mutual Insurance Company.

This certificate and the above power of attorney may be signed by facsimile or mechanically reproduced signatures under and by authority of the following vote of the board of directors of Liberty Mutual Insurance Company at a meeting duly called and held on the 12th day of March, 1980.

VOTED that the facsimile or mechanically reproduced signature of any assistant secretary of the company, wherever appearing upon a certified copy of any power of attorney issued by the company in connection with surety bonds, shall be valid and binding upon the company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said company, this _____ day of _____.



By _____
David M. Carey, Assistant Secretary

(left margin) Not valid for mortgage, note, loan, letter of credit, bank deposit, currency rate, interest rate or residual value guarantees.

(right margin) To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.

**RIDER**

To be attached to and form a part of Chapter 7 Blanket Bond

#016030864 dated this 1st day of JANUARY, 2006, issued by:

LIBERTY MUTUAL INSURANCE COMPANY, as surety,

on behalf of: VARIOUS TRUSTEES as principals in the penal sum of:

**VARIOUS**

In consideration of the premium charged for the attached bond, It is hereby agreed that the attached bond be amended as follows:

> TO INCLUDE "NON OPERATING" CHAPTER 11 BONDS TO THE WORDING OF THE BLANKET BOND FOR THE NORTHERN DISTRICT OF CALIFORNIA.

However, that the attached bond shall be subject to all its agreements, limitations and conditions except as herein expressly modified, and further that the liability of the Surety under the attached bond and the attached bond as amended by this rider shall not be cumulative. The surety shall have no liability for any losses caused by conduct in which said name Principal or Principals engaged prior to the inception date of this bond. This bond is continuous.

This rider shall become effective as of the 1ST day of JANUARY, 2006..

Signed, sealed and dated this 20TH day of MARCH , 2006.

LIBERTY MUTUAL INSURANCE COMPANY

BY: MARLEY V. MILLER
ATTORNEY-IN-FACT

1760944

THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.
This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

**LIBERTY MUTUAL INSURANCE COMPANY
BOSTON, MASSACHUSETTS
POWER OF ATTORNEY**

**KNOW ALL PERSONS BY THESE PRESENTS:** That Liberty Mutual Insurance Company (the "Company"), a Massachusetts stock insurance company, pursuant to and by authority of the By-law and Authorization hereinafter set forth, does hereby name, constitute and appoint

**CLARK P. FITZ-HUGH, R. TUCKER FITZ-HUGH, KATHERINE B. WERNER, ELOISE B. FARNSWORTH, DARLENE A. BORNT, LINDA A. BOURGEOIS, CATHERINE C. KEHOE, ELIZABETH C. LABAT, MARLEY V. MILLER, ALL OF THE CITY OF NEW ORLEANS, STATE OF LOUISIANA**..................................................................................................

, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations in the penal sum not exceeding **FIFTY MILLION AND 00/100**************************** DOLLARS ($ **50,000,000.00******* ) each, and the execution of such undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents, shall be as binding upon the Company as if they had been duly signed by the president and attested by the secretary of the Company in their own proper persons.

That this power is made and executed pursuant to and by authority of the following By-law and Authorization:

ARTICLE XIII - Execution of Contracts: Section 5. Surety Bonds and Undertakings.
Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

By the following instrument the chairman or the president has authorized the officer or other official named therein to appoint attorneys-in-fact:

Pursuant to Article XIII, Section 5 of the By-Laws, Garnet W. Elliott, Assistant Secretary of Liberty Mutual Insurance Company, is hereby authorized to appoint such attorneys-in-fact as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

That the By-law and the Authorization set forth above are true copies thereof and are now in full force and effect.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of Liberty Mutual Insurance Company has been affixed thereto in Plymouth Meeting, Pennsylvania this **20th** day of **June**, **2005**.

**LIBERTY MUTUAL INSURANCE COMPANY**



By_____
Garnet W. Elliott, Assistant Secretary

COMMONWEALTH OF PENNSYLVANIA    ss
COUNTY OF MONTGOMERY

On this **20th** day of **June**, **2005**, before me, a Notary Public, personally came Garnet W. Elliott, to me known, and acknowledged that he is an Assistant Secretary of Liberty Mutual Insurance Company; that he knows the seal of said corporation; and that he executed the above Power of Attorney and affixed the corporate seal of Liberty Mutual Insurance Company thereto with the authority and at the direction of said corporation.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Plymouth Twp., Montgomery County
My Commission Expires Mar. 28, 2009
Member, Pennsylvania Association of Notaries

By_____
Teresa Pastella, Notary Public

**CERTIFICATE**

I, the undersigned, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the officer or official who executed the said power of attorney is an Assistant Secretary specially authorized by the chairman or the president to appoint attorneys-in-fact as provided in Article XIII, Section 5 of the By-laws of Liberty Mutual Insurance Company.

This certificate and the above power of attorney may be signed by facsimile or mechanically reproduced signatures under and by authority of the following vote of the board of directors of Liberty Mutual Insurance Company at a meeting duly called and held on the 12th day of March, 1980.

VOTED that the facsimile or mechanically reproduced signature of any assistant secretary of the company, wherever appearing upon a certified copy of any power of attorney issued by the company in connection with surety bonds, shall be valid and binding upon the company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said company, this _____ day of _____, _____.



By_____
David M. Carey, Assistant Secretary

*Side margin left:* Not valid for mortgage, note, loan, letter of credit, bank deposit, currency rate, interest rate or residual value guarantees.

*Side margin right:* To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.